# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MARK A. HODGES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 06 C 2269 |
| | ) |
| | ) |
| BETTY POINTER, SPEED SEJA | ) |
| DISTRICT 802, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion for summary judgment. For the reasons stated below, we grant the motion for summary judgment in its entirety.

## BACKGROUND

Plaintiff Mark A. Hodges ("Hodges") alleges that he was employed by Defendant Speed SEJA District 802 ("District") and that while he was employed he complained that he was being harassed because of his race by Jason Propp ("Propp"), a "Desk Top Technician" for the District. (EEOC 2). Hodges claims that Propp sent him an email ("Email") that contained a "picture of Buckwheat (a character from the

1

television show The Little Rascals) with no words or phrases" and also that it depicted the character "in a non-safe situation." (R SF Par. 3, 8). Hodges further alleges that on August 23, 2004, an attorney for the District and Defendant Dr. Betty Pointer ("Pointer"), the Director of the District, called Hodges on the phone to ask if Hodges "thought that [Propp] . . . was a racist." (EEOC 2). Hodges allegedly told Pointer that he thought that the Email was "racially offensive." (EEOC 2). Hodges claims that he then ended the phone conversation because he did not have an attorney with him. According to Hodges, he was fired on August 25, 2004, for alleged insubordination. Hodges includes in his complaint a claim alleging hostile work environment claims in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*, and Title VII retaliation claims. Defendants now move for summary judgment on all claims.

## SUMMARY JUDGMENT

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied

by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

### I.  Failure to Respond to Defendants' Motion and Local Rule 56.1

On December 12, 2006, we gave the parties until January 26, 2007, to file dispositive motions and until February 9, 2007, to file responses to dispositive motions. On January 18, 2007, Hodges filed a motion to reopen discovery and a

motion to compel, and on January 22, 2007, we denied both motions since Hodges

was seeking such relief on the eve of the deadlines for dispositive motions.  On

January 26, 2007, Defendants filed a motion for summary judgment and on February

1, 2007, Hodges filed a motion for leave to file an amended complaint to include

additional Defendants and additional causes of action.  On February 7, 2007, we

denied the motion for leave to file an amended complaint and warned Hodges that he

was required to file his answer to Defendants' motion for summary judgment by

February 9, 2007.  The February 9, 2007 deadline has passed and Hodges has not

filed a response to Defendants' motion for summary judgment.  Hodges has thus not

contested any of Defendants' arguments in their motion.  Nor has Hodges filed a

response to Defendants' Local Rule 56.1 statement of material facts and, therefore,

all such facts are deemed admitted.  Local Rule 56.1; *Dent v. Bestfoods*, 2003 WL

22025008, at *1 n.1 (N.D. Ill. 2003); *see also Waldridge v. American Hoechst Corp.*,

24 F.3d 918, 920, 922 (7th Cir. 1994)(stating that a court is not "obliged in our

adversary system to scour the record looking for factual disputes and may adopt local

rules reasonably designed to streamline the resolution of summary judgment

motions"); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir.

2004)(stating "that a district court is entitled to expect strict compliance with Rule

56.1" and that "[s]ubstantial compliance is not strict compliance"); *Greer v. Board of

Educ. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that *pro se*

plaintiffs must comply with Local Rule 56.1).

## II.  Hostile Work Environment Claims

Defendants move for summary judgment on the hostile work environment claims.  Title VII prohibits a workplace that is "'permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment . . . .'" *Mendenhall v. Mueller Streamline Co.*, 419 F.3d 686, 691 (7th Cir. 2005) (quoting *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21 (1993)).  For a Title VII hostile work environment claim, a plaintiff must establish: "(1) that the work environment was both subjectively and objectively offensive; (2) that the harassment was based on membership in a protected class; (3) that the conduct was severe or pervasive; and (4) that there is a basis for employer liability." *Id.*  In determining whether a work environment is a hostile work environment, the court can consider factors such as: (1) "'the frequency of the discriminatory conduct,'" (2) the severity of the conduct, (3) "'whether it is physically threatening or humiliating, or a mere offensive utterance,'" and (4) "'whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Harris*, 510 U.S. at 21).

In the instant action, Hodges contends that he received the Email which he found to be offensive.  However, pursuant to Local Rule 56.1, Hodges admits that the only personal problem he had with Propp was in regard to the one Email, and Hodges has not alleged any other incidents of racial harassment.  (R SF Par. 6).  Hodges contends that the Email was offensive, but he also admits that he "was not upset about the email in particular," which indicates that he did not subjectively find

the Email to be overly offensive.  (R SF Par. 7).  Hodges also admits that during the phone conversation with Pointer, Hodges "did not claim that the picture was racially discriminatory" and that he "did not know what [the Email] meant."  (R SF Par. 12, 17).  Hodges also admits that he did not leave work the day he received the Email nor miss any days of work due to the Email.  (R SF Par. 7).  Hodges relies upon the one isolated Email and has not alleged any conduct that threatened his safety. Hodges' admissions indicate that his work environment was not subjectively hostile. No reasonable trier of fact could conclude that the Email was sufficiently severe to interfere with Hodges' work performance or cause a hostile work environment. Therefore, we grant Defendants' motion for summary judgment on the hostile work environment claims.

### III.  Retaliation Claims

Defendants move for summary judgment on the retaliation claims.  Title VII prohibits discrimination against an employee because the employee "has opposed a practice that Title VII forbids."  *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 939-40 (7th Cir. 2007); *see also* 42 U.S.C. § 2000e-3(a)(stating that under Title VII, an employer is barred from "discriminat[ing] against any of his employees . . . because he has opposed any practice made an unlawful employment practice by [Title VII]"). A plaintiff bringing a Title VII retaliation claim can proceed under either the direct method of proof or the indirect method of proof.  *Kampmier*, 472 F.3d at 939.

A.  Direct Method of Proof

Under the direct method of proof, a plaintiff bringing a Title VII retaliation claim must establish a discriminatory motivation through direct or circumstantial evidence.  *Rudin v. Lincoln Land Cmy. Coll.,* 420 F.3d 712, 720 (7th Cir. 2005). Direct evidence of discrimination would constitute "an admission by" a defendant that the adverse employment action was taken "on the basis of" his membership in a protected class.  *Raymond v. Ameritech Corp.,* 442 F.3d 600, 610 (7th Cir. 2006). A plaintiff can also present circumstantial evidence under the direct method of proof, but such evidence must be sufficient to create "a triable issue of whether the adverse employment action of which [the plaintiff] complains had a discriminatory motivation."  *Rudin,* 420 F.3d at 721 (quoting *Wallace v. SMC Pneumatics, Inc.,* 103 F.3d 1394, 1397 (7th Cir. 1997)).  The Seventh Circuit has also indicated that one way that circumstantial evidence can create a triable issue is if there is a "'convincing mosaic of discrimination against the plaintiff.'"  *Walker v. Bd. of Regents of Univ. of Wis.,* 410 F.3d 387, 394 (7th Cir. 2005)(quoting *Troupe v. May Dept. Stores Co.*, 20 F.3d 734, 737 (7th Cir. 1994)); *but see Velez v. City of Chicago,* 442 F.3d 1043, 1049 (7th Cir. 2006)(indicating that the only evidence that can be considered under the direct method of proof is "[d]irect evidence of employment discrimination . . . which shows an employer's intent, without relying on inference or presumption").

In the instant action, Hodges argues that he was fired because he complained

about the Email. However, there is not sufficient evidence for a reasonable trier of fact to arrive at the same conclusion. Hodges contends that he spoke with Pointer on the phone about the Email on August 23, 2004, and Hodges was fired two days later. However, the Seventh Circuit has made clear that "timing alone is insufficient to establish a genuine issue of material fact to support a retaliation claim." *Kampmier*, 472 F.3d at 939-40. Hodges admits that a computer audit by the District revealed that Hodges "used the internet to look at tools, cars and homes which was a violation of the Internet Use Policy at" the District. (R SF Par. 14). Hodges admits that the reason that Pointer called him on the phone on August 23, 2004, was to "ensure that [Propp] was not harassing Hodges or any other employees." (R SF Par. 15). Finally, Hodges admits that he was fired due to insubordination and that Pointer believed that Hodges was insubordinate during the phone conversation. (R SF Par. 22-23). Hodges also admits that he "does not have any evidence to dispute that he was fired for anything other than insubordination." (R SF Par. 24).

We also note that whether Pointer was correct in her belief that Hodges was insubordinate is irrelevant. The fact that Hodges admits that Pointer subjectively believed that Hodges was insubordinate and fired him because of the insubordination is relevant. *See Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 697 (7th Cir. 2006)(stating that the courts "'do not sit as a super-personnel department with authority to review an employer's business decision as to whether someone should be fired or disciplined because of a work-rule violation'")(quoting *Ballance v. City of*

*Springfield*, 424 F.3d 614, 621 (7th Cir. 2005)).  Thus, there is not sufficient evidence for a reasonable trier of fact to infer that the District retaliated against Hodges because he complained about discrimination.  Neither is there sufficient evidence when considered in its totality to create a "convincing mosaic" under the direct evidence method.  *Walker,* 410 F.3d at 394.  Therefore, Hodges cannot proceed under the direct method of proof.

### B.  Indirect Method of Proof

Under the indirect method, for a Title VII retaliation claim a plaintiff must establish a *prima facie* case by showing that: "'(1)[ ]he engaged in a statutorily protected activity; (2)[ ]he met the employer's legitimate expectations; (3)[ ]he suffered an adverse employment action; and (4)[ ]he was treated less favorably than similarly situated employees who did not engage in statutorily protected activity.'" *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 662-63 (7th Cir. 2006)(quoting *Moser v. Ind. Dept. of Corr.,* 406 F.3d 895, 904 (7th Cir. 2005)).  If a plaintiff establishes a *prima facie* case, the employer must "present evidence of a non-discriminatory reason for its employment action." *Moser,* 406 F.3d at 904.  If the employer does so, the plaintiff must show that the "employer's reason is pretextual." *Id.*

In the instant action, Hodges admits that he did not meet his employer's legitimate expectations.  Hodges admits that he was fired for what Pointer

subjectively believed to be insubordination.  (R SF Par. 22-24).  Hodges also admits that he "used the internet to look at tools, cars and homes which was a violation of the Internet Use Policy at" the District.  (R SF Par. 14).  Thus, Hodges has failed to show that he was meeting the legitimate expectations of the District.  Hodges has also failed to point to a similarly situated employee that was treated more favorably than him.  *See Peele v. Country Mut. Ins. Co.,* 288 F.3d 319, 330 (7th Cir. 2002)(stating that if "a plaintiff has failed to identify a similarly situated co-worker outside of h[is] protected class, or [show] that the co-worker identified by the plaintiff, while similarly situated, was not treated in a more favorable manner," the plaintiff's "failure to offer such 'comparables' dooms her Title VII . . . claims") (quoting in part *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 618 (7th Cir. 2000)). Finally, even if Hodges had established a *prima facie* case, Defendants have pointed to a legitimate non-discriminatory reason for firing Hodges.  Defendants contend that Hodges was fired because of insubordination.  Hodges has not pointed to evidence that would indicate otherwise and, in fact, Hodges has admitted that insubordination was the reason for his termination.  Hodges also admits that he "does not have any evidence to dispute that he was fired for anything other than insubordination."  (R SF Par. 24).  Therefore, based on the above, we grant Defendants' motion for summary judgment on the retaliation claims.


## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion for summary judgment in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated:  February 14, 2007